18580

A. P. CARTER, Jr., Respondent, v. Carl D. BEALS, Appellant
(151 S. E. (2d) 671)

*Messrs. I. A. Smoak,* of Walterboro, and *Horger & Horger,* of Orangeburg, *for Appellant,*

*Messrs. Murdaugh, Eltzroth & Peters,* of Hampton, *for Respondent,*

December 2, 1966.

Moss, Chief Justice.

This action was brought by the respondent against the appellant to recover damages for personal injuries allegedly suffered by him as a result of a collision between the automobile which he was driving in a northerly direction on Fishburne Street in the Town of Walterboro, and a police car driven by the appellant, a police officer of the Town of Walterboro, traveling easterly on U. S. Highway 17-A, otherwise known as Wichman Street. The aforesaid highways intersect at right angles.

The complaint alleged that the injuries of the respondent were proximately caused by the negligent, willful, wanton and reckless acts and omissions of the appellant in that he was driving the police car at a high and dangerous rate of speed, exceeding that which was lawful in view of the existing conditions; and, while so operating said automobile he failed to sound the siren and turn on red light of the automobile as required of police cars by Section 46-292 of the Code. It was further alleged that the appellant failed to have the police car under proper control; to apply the brakes on the police car and reduce its speed when approaching the aforesaid intersection; to yield the right of way to the respondent who had entered the intersection prior to the appellant, and to keep a proper lookout and exercise due care in the operation of the police car in a manner commensurate with the dangers and obstacles to be encountered at the time and place, and without regard to the care required by the circumstances.

The appellant, by answer, interposed (1) a general denial; (2) that respondent's injuries were due to his own negligent, willful and wanton acts; and (3) the respondent's contributory negligence, willfulness and wantonness.

The case came on for trial before The Honorable Frank Eppes, Presiding Judge, and a jury, at the December, 1965 term of the Court of Common Pleas for Colleton County, and resulted in a verdict in favor of the respondent for actual and punitive damages.

At appropriate stages of the trial, the appellant made motions for a nonsuit and directed verdict in his favor and, after the verdict, for judgment *non obstante veredicto,* or, in the alternative, for a new trial; and for judgment *non obstante veredicto* as to punitive damages. These motions were refused by the trial judge and this appeal followed.

The exceptions of the appellant present three questions, one of which has been abandoned by the appellant. The remaining two questions for determination are: (1) Did the evidence require the conclusion, as a matter of law, that respondent was guilty of contributory negligence and willfulness in failing to yield the right of way to the appellant; and (2) Did the trial judge err in failing to direct a verdict as to punitive damages or for judgment *non obstante veredicto* on the grounds that there was no evidence of negligence, gross negligence, willfulness, or recklessness on the part of the appellant to support an award of punitive damages.

It is a well established rule of law in passing upon the exceptions of the appellant to the refusal of the trial judge to grant their motions, it is incumbent upon this court to view the evidence and the inferences fairly deducible therefrom in the light most favorable to the respondent. If more than one reasonable inference can be drawn from the evidence the case must be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer one for the

jury but one for the court. *Warren v. Watkins Motor Lines,* 242 S. C. 331, 130 S. E. (2d) 896.

The collision here involved occurred about 10:20 P. M. on March 30, 1963, at the intersection of Wichman Street, U. S. Highway No. 17-A, and Fishburne Street, in the Town of Walterboro. The two cars collided approximately at the center of the intersection, the appellant's car striking the left side of the car driven by the respondent. Traffic on Fishburne Street is required to stop before entering its intersection with Wichman Street. A sign so indicating was located on the said Fishburne Street. The posted speed limit for traffic on Wichman Street is twenty-five miles per hour and such is a primary street and Fishburne Street is a secondary street.

A highway patrolman went to the scene of the collision shortly after it occurred. He testified that a stop sign was located on Fishburne Street but that a motorist stopping where said sign was located could not see traffic approaching from his left, this being the direction from which the appellant was approaching the intersection. In order for the respondent to be able to see an automobile approaching the intersection of these two streets from the driver's left it was necessary to move the automobile out near the curb of Wichman Street. At this point a motorist could see down Wichman Street to the left, a distance of two hundred and fifty to three hundred feet. This officer testified that the car of the appellant made four skid marks on Wichman Street, two of them measuring forty-nine feet eleven inches and forty-one feet seven inches. He also testified that there was debris in the center and across the center line on the westbound lane of Wichman Street. He further testified that the appellant admitted that he was driving at about thirty-five miles an hour and with two officers in the car with him was chasing an automobile.

The respondent testified that he was driving in a northerly direction along Fishburne Street approaching Wichman

Street. He observed the stop sign and stopped his car there but because of flowers and shrubbery he could not see to his left. He then drove to the curb of Wichman Street where he stopped, and a car passed in front of him going east at a high rate of speed. He looked to the left and saw a car down Wichman Street approximately two hundred feet away which looked to him like it was being driven at a rate of speed of twenty to twenty-five miles per hour and he then proceeded to enter the intersection. He testified that if the appellant's car had been traveling within the speed limit of twenty-five miles per hour he would have had plenty of time to cross the intersection. He further stated that as appellant's car approached from his left there was no siren blowing or red light flashing to indicate that such was a police car. He said that after he had entered the intersection and again observed the car of the appellant approaching him that it was then traveling at a speed of at least sixty miles an hour. The testimony of the respondent, with some minor variations, was corroborated by the passengers riding with him.

The appellant, a police officer of the Town of Walterboro, admitted that he was on duty on the night of March 30, 1963, and was operating over and along Wichman Street a police car owned by the Town of Walterboro. He was accompanied by two other policemen. He stated that he was familiar with the intersection of Wichman and Fishburne Streets, and that such was a "bad intersection". He testified that as he approached the intersection of these two streets and when he was approximately sixty feet therefrom, the automobile operated by the respondent suddenly came out of Fishburne Street immediately in front of the police car. He stated that at the time he was operating the police car at a speed of thirty-five miles per hour but denied that he was "chasing" another car. He said that when the car of the respondent came out into Wichman Street that it completely blocked his right lane of travel and he then applied his brakes and veered the police car to the left in an

effort to avoid striking the automobile and while he was doing this the respondent speeded up his car and for that reason the collision took place about the center of said street which was forty feet wide. The appellant admitted that he was operating the police car at a speed of approximately thirty-five miles an hour in a twenty-five mile zone. The appellant admitted that he was thoroughly familiar with the motor vehicle laws applicable to the Town of Walterboro.

The two officers riding in the automobile operated by the appellant testified that the automobile operated by the respondent suddenly came out of Fishburne Street into Wichman Street when they were approximately sixty feet from the intersection of the two streets. One of these officers testified that even though they were not chasing another automobile they did have one under surveillance because it was going fast.

It is the position of the appellant that the only reasonable inference to be drawn from the testimony is that the injury to the respondent was proximately caused or contributed to by his negligence and willfulness in driving into the intersection of Wichman Street in violation of Section 46-423 of the Code.

It was the duty of the respondent, as he approached Wichman Street, the same being a through highway, to stop and yield the right of way to the appellant who was approaching on said street if he was so close to the intersection as to constitute an immediate hazard. However, if at the time the respondent entered the through highway there was no traffic approaching thereon so near the intersection as to then constitute an immediate hazard, he would have the right to enter the highway, and it then became the duty of those approaching the intersection to yield the right of way to him. In other words, having lawfully entered the highway, he had a right to be there and expect others to honor such right. *Warren v. Watkins Motor Lines,* 242 S. C. 331, 130 S. E. (2d) 896. In the cited case we held that

a motorist approaching a through highway, which is protected by stop signs, must yield the right of way to vehicles approaching so closely as to constitute an immediate hazard, the question whether a particular vehicle constitutes such a hazard is ordinarily one for the jury.

Travelers on both the favored and unfavored highway must use ordinary care in keeping a proper lookout for vehicles approaching the intersection. If there is a conflict in the testimony as to whether a car on the through highway was approaching so closely as to constitute an immediate hazard or if the conclusion to be drawn therefrom is doubtful and uncertain, the court will not decide the question as one of law and it must be submitted to the jury. We think the evidence heretofore recited when considered in the light most favorable to the respondent presented an issue of fact for jury determination, which included the question of whether the automobile operated by the appellant when approaching on Wichman Street constituted an immediate hazard when the respondent entered the intersection. It could be concluded from the testimony of the respondent that when he entered Wichman Street, the automobile operated by the appellant did not constitute an immediate hazard for the reason that a prudent person would have had ground to believe that such a motor vehicle proceeding at a lawful speed was so far distant from the intersection that he could safely cross the intersection in advance thereof. There is also evidence from which the jury could have concluded that the appellant in the operation of his automobile failed to keep a proper lookout and hence did not see the car of the respondent enter the intersection when the appellant's car was at least two hundred feet therefrom. Admittedly, the appellant was operating his automobile at a speed that was in violation of the statute and there was a conflict in the testimony as to what that speed was.

There is also testimony from which the jury could conclude that the appellant was operating the police car at a

speed of sixty miles per hour while in pursuit of an actual or suspected violator of the speed laws of the Town of Walterboro without sounding a siren or displaying a red light indicative of such operation, as is provided in Section 46-291 to 46-293 and Section 46-583 of the Code.

We have held that causative violation of applicable statutes constitutes actionable negligence and is evidence of recklessness, willfulness and wantonness. These statutory violations, if the proximate cause of the collision, would justify punitive as well as actual damages. *Morrow v. Evans*, 223 S. C. 288, 75 S. E. (2d) 598; *Smith v. Lynch*, 232 S. C. 608, 103 S. E. (2d) 54.

We think the trial court properly submitted to the jury the issues of negligence and willfulness on the part of the appellant; contributory negligence and willfulness on the part of the respondent, and the proximate cause of the collision and injury to the respondent.

The exceptions of the appellant are overruled and the judgment below is affirmed.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting J., concur.