21021

Lucius FELDER, Respondent, v. Mary P. JOHNSON, Appellant.
(257 S. E. (2d) 714)

*J. Reese Daniel,* Columbia, *for appellant.*

*A. S. Bahnmuller* and *David W. Goldman,* of *Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter *for respondent.*

August 2, 1979.

LEWIS, Chief Justice.

Plaintiff (respondent) brought this action to recover damages sustained when the motorcycle he was operating collided with the automobile of defendant (appellant) at the intersection of two highways in Sumter County, where traf-

fic was controlled by automatic traffic signals. This appeal is from a verdict rendered for respondent in the amount of $50,000, after the trial judge directed a verdict in respondent's favor on the issue of liability. We affirm.

Appellant first contends that the trial judge erred in directing a verdict in respondent's favor on the issue of liability. It was undisputed that the accident occurred in daylight; and that at the time of the collision respondent was travelling on his motorcycle through the intersection under a green light and appellant entered the intersection in her automobile against a red light. The trial judge properly held that there were no facts which would relieve appellant of liability for the consequences of her negligent act in entering the intersection against the red light in violation of the statute law. The decision in *Odom v. Steigerwald,* 260 S. C. 422, 196 S. E. (2d) 635 involved similar facts and sustains the present ruling of the trial judge.

The next question involves the effect of the answer of the trial judge to a question from the jury with reference to insurance. In the course of its deliberations, the jury returned to the courtroom and inquired whether appellant's insurance company or appellant was being sued. The trial judge informed the jury that "the plaintiff is suing the defendant. That's all I can tell you." The jury then returned to their room and subsequently reached a verdict.

Appellant argues that the trial judge should have been more specific and should have told the jury that appellant and respondent were the only parties to the action. It is contended that the failure to give more specific instructions led to the implication that there was "an insurance company lurking in the shadows." We think the answer given by the trial judge adequately and properly answered the inquiry of the jury and we find no prejudice.

The final question involves objection to the argument made by respondent's counsel to the jury concerning the

amount of future damages to be awarded for respondent's permanent injuries. It is argued that respondent's attorney impermissibly suggested to the jury a per annum figure to apply in determining the amount to be awarded for future damages.

We held in *Harper v. Bolton,* 239 S. C. 541, 124 S. E. (2d) 54, that an attorney may not in argument to the jury give his own opinion as to the per diem value which the jury should award for damages which are unliquidated and indeterminate in character. We subsequently held, however, in *Edwards v. Lawton,* 244 S. C. 276, 136 S. E. (2d) 708, that it was not error for an attorney in argument to use for illustrative purposes a per diem formula for assessment of such damage, where it was made clear that the amount to be awarded was left to the judgment of the jury.

The specific argument here in question is as follows:

. . . Now that's worth something, folks. Now for me to tell you what that is worth, would perhaps be presumptuous on my part. I don't know what to put down as the amount of money that that should be. It's hard for me to say. It's hard for me to say how much money you should give him for the future pain and discomfort. It's hard for me to say how much you should give him because he won't be able to play ball or any of those other things that a man with two solid legs can do for the rest of his life that he will not be able to do. But it's worth something. You've got to put something down there for pain and suffering. Our medicals? $21,-000.00 plus. Loss of wages to date and what it's going to take him to recover: $11,000.00. Loss of wages in the future: $88,000.00. $16,000.00 for just not having a leg and not being able to do the things that people can do who have two good legs for the rest of his life of 39 years, and . . ..

> The foregoing argument did not contain the vice
> ■ condemned in *Harper v. Bolton, supra,* and no prej-
> udice is shown for the language used in this case. Re-

spondent's leg was severed from his body in the collision and his complaint sought recovery of the sum of $75,000. Respondent's counsel in argument suggested that the amount of the damages sustained was $120,000.00. The jury apparrently rejected the questioned argument of counsel and assessed the damages at $50,000.00. We find no error.

Judgment is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.