0402

Kathi COPE, Appellant, v. Wayne F. ECKERT and Betty M. Eckert, Respondents, and Robert W. COPE, Jr., Appellant, v. Wayne F. ECKERT and Betty M. Eckert, Respondents.

(327 S. E. (2d) 367)

Court of Appeals

*Nicolas C. Lempesis,* Charleston, *for appellants.*

*Brad J. Waring* and *Timothy W. Bouch,* of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondents.*

Heard Dec. 12, 1984.

Decided Feb. 27, 1985.

BELL, Judge:

Kathi Cope was involved in an automobile accident with Betty Eckert at the intersection of Spruill and Kingsworth Avenues in the City of North Charleston. Eckert was turning left into Spruill Avenue from Kingsworth, a side street. Cope sued Eckert in negligence for personal injuries allegedly resulting from the accident. Her husband, Robert W. Cope, Jr., sued Eckert for loss of consortium. Eckert denied any negligence on her part and alleged the contributory negligence of Cope.

The cases were consolidated and tried to a jury. At the close of the evidence the Copes moved for a directed verdict. The trial judge denied the motion. The jury returned a verdict for Eckert in both cases. Thereafter the Copes moved for judgment *non obstante veredicto* and for a new trial. These motions were likewise denied. The Copes appeal. We affirm.

The sole issue on appeal is whether there was sufficient evidence to send the cases to the jury. In deciding this question, the evidence together with all inferences to be drawn therefrom must be viewed in the light most favorable to

Eckert. *Causey v. Blanton,* 281 S. C. 163, 314 S. E. (2d) 346 (S. C. App. 1984).

At the scene of the accident, Spruill Avenue is a four lane street with a painted median of at least two feet in width. Kingsworth Avenue is a narrow, two way side street intersecting Spruill. There is a stop sign on Kingsworth at the intersection. Thus, Spruill is the primary or favored highway.

The accident occurred on October 7, 1980, at about 7:30 a.m. The weather was clear and dry. Eckert approached the intersection on Kingsworth. There was a steady flow of traffic on Spruill in both directions. It is undisputed that Eckert stopped at the stop sign.

Eckert testified she waited at the stop sign for a minute or two for traffic to clear. She looked to the left, to the right, and back to the left, then took her foot off the brake and, without putting it on the gas pedal, inched into the intersection intending to turn left into Spruill. Her view was partly obscured by a car in the near right lane of Spruill which was waiting to turn right into Kingsworth. However, Eckert testified the left lane of Spruill was clear when she first proceeded into the intersection. She did not see Cope's car until it was in front of her in the left lane. She hit her brakes and heard a scraping noise as Cope's car ran across her front bumper from left to right. Cope's car came to rest partly in the left lane and partly on the median beyond the point of impact. Eckert testified she believed Cope's car came from behind the car waiting to turn right into Kingsworth, because she would have seen it if it had been in the left lane of Spruill Avenue when she entered the intersection.

Cope testified she was travelling in the left lane of Spruill Avenue. She saw Eckert's car at the stop sign when she was some distance from the intersection. She did not observe Eckert pull out, but did see her after she was already in the intersection. According to Cope, Eckert was looking to the right just before the impact.

There was no significant damaged to Eckert's car. The body of Cope's car was damaged on the right side from the right front fender to the right rear quarter panel, but she was able to drive it from the scene. Both Cope and Eckert told the investigating police officer they were not hurt. Eckert

also testified that Cope told the officer she was going 45 mph at the time of the accident. The posted speed limit on Spruill was 40 mph.

On these facts we think it clear the cases were for the jury. As our Supreme Court stated in *Wilson v. Marshall*, 260 S. C. 271, 274, 195 S. E. (2d) 610, 611 (1973):

> Questions of negligence, proximate cause and contributory negligence are ordinarily questions of fact for the jury, as to which the trial court's only function is to inquire whether particular conclusions are or [are] not the only reasonable inferences to be drawn from the evidence. If the facts in controversy and the inferences deducible therefrom are doubtful, or if they tend to show both parties guilty of negligence or willfulness, and there may be a fair difference of opinion as to whose act or whose acts produced or contributed to the injury complained of as a direct and proximate cause, questions of negligence, proximate cause and contributory negligence should be submitted to the jury.

*Accord, Williams v. Kinney*, 267 S. C. 163, 226 S. E. (2d) 555 (1976) (whether conduct constitutes contributory negligence is usually a jury question and must in each instance depend upon the particular facts involved).

Travelers on both the favored and unfavored highway must use ordinary care in keeping a proper lookout for vehicles approaching an intersection. *Carter v. Beals*, 248 S. C. 526, 151 S. E. (2d) 671 (1966). The driver on the unfavored highway has a duty to stop and yield the right of way to any vehicle approaching the intersection on the favored highway so closely as to constitute an immediate hazard. Section 56-5-2330, Code of Laws of South Carolina, 1976, as amended. However, if there is no traffic approaching so near as to constitute an immediate hazard, the driver on the unfavored highway has a right to enter the intersection, and it then becomes the duty of those approaching the intersection on the favored highway to yield the right of way to him. *Warren v. Watkins Motor Lines*, 242 S. C. 331, 130 S. E. (2d) 896 (1963).

Here there was evidence from which the jury could find the accident was proximately caused by Cope's

negligence or contributory negligence as she approached the intersection. "Proximate cause" does not mean "sole cause"; negligence can be a proximate cause if it was at least one of the direct, concurring causes of the injury. *Hughes v. Children's Clinic, P.A.*, 269 S. C. 389, 237 S. E. (2d) 753 (1977). It is generally for the jury to say whether a party's negligence was a concurring, proximate cause of the injury. *Id.* On the evidence before them, the jury might well have concluded that Eckert had a right to proceed into the intersection or that Cope's speed was in excess of the posted limit and contributed directly to the occurrence of the accident. *See Lynch v. Pee Dee Express*, 204 S. C. 537, 30 S. E. (2d) 449 (1944); *Geiger v. Checker Cab Co.*, 229 S. C. 39, 91 S. E. (2d) 552 (1956); *Warren v. Watkins Motor Lines, supra; Carter v. Beals, supra; Wilson v. Marshall, supra; cf. Blanding v. Hammell*, 267 S. C. 352, 228 S. E. (2d) 271 (1976) (in most automobile accident cases, speed creates imponderable issues of time and distance which must be resolved by the jury).

Cope contends this case is controlled by the decision in *Odom v. Steigerwald*, 260 S. C. 422, 196 S. E. (2d) 635 (1973). That case also involved an intersection collision. A divided Supreme Court held that a verdict should have been directed for the driver on the favored highway, despite evidence from which it could arguably be inferred she was exceeding the speed limit. As the Court viewed the facts, her excessive speed was not a contributing proximate cause of the accident.

Each case must be decided on its own facts. Although there are similarities between this case and *Odom*, there are also significant differences. In *Odom* the defendant drove his car suddenly into the path of the plaintiff's vehicle when she was so close to the intersection as to constitute an immediate hazard. The plaintiff was unable to avoid the collision because she was boxed into the right lane by a car passing on her left. As the Court observed, the defendant "created a trap from which plaintiff could not escape." 260 S. C. at 428, 196 S. E. (2d) at 638. In a later decision, the Court likened *Odom* to a case in which the defendant unexpectedly enters an intersection against a red light. *See Felder v. Johnson*, 273 S. C. 479, 257 S. E. (2d) 714 (1979). Viewed in the light most favorable to Eckert, the facts of this case are plainly distinguishable. Therefore, we hold *Odom* is not controlling.

Because the issues of negligence, proximate cause, and contributory negligence were subject to a fair difference of opinion on the facts of this case, the trial judge properly denied the motions for a directed verdict, judgment n.o.v., and a new trial. The judgment of the court is, therefore, affirmed.

We consider it unnecessary to address Eckert's additional sustaining ground.

Affirmed.

SANDERS, C. J., and SHAW, J., concur.