22688

David V. CROSBY, Appellant v. Leona Cartin SAWYER, Respondent.

(354 S. E. (2d) 387)

Supreme Court

*Kirby D. Shealy, Jr.*, Columbia, *for appellant.*

*Monteith P. Todd*, Columbia, *for respondent.*

Heard Feb. 10, 1987.

Decided March 30, 1987.

GREGORY, Justice:

Appellant Crosby brought this negligence action against respondent Sawyer to recover for personal injuries sustained in a collision between his truck and Sawyer's automobile. Crosby moved for a directed verdict on the issue of liability which was denied. The case was submitted to the jury and the jury returned a verdict for Sawyer. Crosby appeals the denial of his directed verdict motion. We reverse.

A stop sign is located on Glenn Street at its intersection with Middleton Street in Cayce, South Carolina. Sawyer's

automobile pulled off of Glenn Street into Middleton Street and struck Crosby's truck broadside. Sawyer testified she stopped at the intersection and pulled out only after she looked both ways and saw no vehicles approaching on Middleton Street.

A motorist approaching a stop sign must bring his vehicle to a stop and yield the right of way to vehicles on the intersecting roadway that constitute an immediate hazard. S. C. Code Ann.. § 56-5-2330 (b) (Supp. 1985). The driver must not only stop but must look for traffic approaching on the through highway. *Blanding v. Hammell*, 267 S. C. 352, 228 S. E. (2d) 271 (1976); *Lawter v. War Emergency Coop. Ass'n*, 213 S. C. 286, 49 S. E. (2d) 227 (1948). His duty is not merely to look but to observe; he must look in such an intelligent and careful manner as to enable him to see what a person exercising ordinary care and caution could see under like circumstances. *Lawter, supra.* Negligence is established as a matter of law if the only inference is that either the driver did not look or did so in such a careless fashion as not to see what was in plain view. *Williams v. Davis*, 243 S. C. 524, 134 S. E. (2d) 760 (1964).

This case is distinguishable from *Lynch v. Pee Dee Express, Inc.*, 204 S. C. 537, 30 S. E. (2d) 449 (1944), wherein evidence of the excessive speed of the vehicle approaching the intersection on the through roadway was sufficient to submit the issue of negligence to the jury. There is no evidence that Crosby was traveling at an excessive rate of speed as he approached the intersection. The fact that Sawyer struck Crosby broadside in the absence of any evidence that her view was obstructed leaves only the inference that if she did look it must have been in such a careless fashion as not to see what was in plain view. Crosby therefore established Sawyer's negligence as a matter of law and his motion for a directed verdict should have been granted.

Accordingly, the judgment of the Circuit Court is reversed and the case is remanded for trial on the issue of damages.

Reversed and remanded.


NESS, C. J., FINNEY, J., and BRUCE LITTLEJOHN, Acting J., concur.

CHANDLER, J., not participating.