**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KATHRYN GRAHAM WEAVER,
        *Plaintiff-Appellant,*

v.

CHAD E. CHAMBLESS; COCA-COLA
BOTTLING COMPANY, INCORPORATED,
        *Defendants-Appellees.*

No. 02-1755

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Senior District Judge.
(CA-00-2956)

Submitted: May 8, 2003

Decided: May 27, 2003

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

H. Fred Kuhn, Jr., MOSS & KUHN, P.A., Beaufort, South Carolina,
for Appellant. Mary B. Lohr, HOWELL, GIBSON & HUGHES,
P.A., Beaufort, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kathryn Graham Weaver appeals following a jury verdict denying recovery on her claim of negligence arising out of an automobile accident. Weaver claims that the district court erred in denying her motion for a directed verdict with respect to the negligence of Defendants. We affirm.

A district court must direct a verdict if, without weighing the evidence or witness credibility, it determines that a reasonable jury could reach only one conclusion, or that a verdict in favor of the non-moving party would necessarily be based upon speculation and conjecture. *See Gairola v. Virginia Dep't of Gen. Servs.*, 753 F.2d 1281, 1285 (4th Cir. 1985). This court reviews a district court's judgment granting a directed verdict de novo, viewing the evidence in the light most favorable to the prevailing party and drawing all reasonable inferences in that party's favor. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999).

South Carolina law provides that the driver of a vehicle who approaches a stop sign must halt and yield the right of way to oncoming traffic. *See* S.C. Code Ann. § 56-5-2330(b) (Law. Co-op. 1991). However, "[t]ravelers on both the favored and unfavored highway must use ordinary care in keeping a proper lookout for vehicles approaching an intersection." *Cope v. Eckert*, 327 S.E.2d 367, 369 (S.C. Ct. App. 1985) (citing *Carter v. Beals*, 151 S.E.2d 671 (S.C. 1966)). In so interpreting § 56-5-2330, the South Carolina courts have recognized a shifting responsibility and duty to yield that applies to all drivers at intersecting roads. The driver on the unfavored road has the initial responsibility to stop and yield to traffic that "constitute[s] an immediate hazard." *Id.* However, once he enters the intersection, any approaching traffic on the favored highway then has the duty to yield the right of way to that vehicle. *See id.*

Viewing the evidence in the light most favorable to the prevailing party, Chambless stopped at the intersection, verified that no traffic was coming from his right, and proceeded lawfully into the intersection. Weaver corroborated this fact when she testified that Chambless'

truck was "sticking out" from the golf course entrance when she first observed it. (J.A. at 103). Once Chambless was in the intersection, Weaver was obligated to yield the right of way but failed to do so. Accordingly, the jury's verdict was not unreasonable or based on speculation and conjecture. We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*