THE STATE OF SOUTH CAROLINA

THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ida Mae Keels, Respondent,
v.
William Poston, Appellant.
 
 
 

Appeal From Williamsburg County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2005-UP-039
Submitted October 1, 2004  Filed January 
 14, 2005

AFFIRMED

 
 
 
David Craig Brown, of Florence, and Robert J. Thomas, of Columbia, 
 for Appellant.  
Charles D. Barr, of Kingstree, for Respondent.
 
 
 

PER CURIAM:  William Poston appeals 
 the trial courts denial of his motions for directed verdict, judgment notwithstanding 
 the verdict, and new trial.  Poston also challenges the admission of certain 
 evidence and testimony.  We affirm. 
 [1] 
FACTS
In her complaint, Ida Mae Keels 
 alleged Poston was negligent by failing to yield the right of way and failing 
 to keep a proper lookout after the parties were involved in a minor traffic 
 accident at an intersection in downtown Kingstree, South Carolina.  Keels claimed 
 she suffered permanent injury to her neck and shoulder and requested damages 
 of $50,000.  Poston denied Keels allegations and pled a comparative negligence 
 defense.  
Keels was traveling eastbound across Mills 
 Street and Poston was driving north on Hampton when Poston struck the right 
 rear bumper of Keels car as she crossed the intersection.  The police officer 
 responding to the accident testified both vehicles were traveling at a speed 
 of between ten and twenty-five miles per hour, and damage to Keels car was 
 minimal.  The officer testified there was a stop sign posted on Mills Street 
 leading into the intersection, but not on Hampton Street.  
Keels testified she obeyed the 
 stop sign, looked both ways, and then pulled up beyond the stop sign to make 
 sure the intersection was clear before proceeding.  Poston testified he was 
 driving slowly on Hampton Street, and when he neared the intersection he suddenly 
 saw a car coming across in front of him from the left.  He stated he tried to 
 stop, but could not avoid hitting Keels car.  
Poston made timely motions for 
 directed verdict, arguing Keels had failed to present any evidence of his negligence.  
 Although the trial court acknowledged the evidence supporting Postons negligence 
 was thin and expressed concern there was no testimony about how Poston was driving, 
 Postons motions were denied and the court permitted the case to go to the jury 
 on the question of comparative negligence.           
The jury found Poston 
 100% liable for the accident and awarded Keels $35,000 in damages.  The trial 
 court denied Postons motions for judgment notwithstanding the verdict and a 
 new trial.  
LAW/ANALYSIS
I.  Motions for Directed Verdict, JNOV, and New Trial
Poston contends the trial court 
 erred by denying his motions for directed verdict and JNOV, arguing Keels failed 
 to present any evidence to support a finding he was negligent.  We disagree.
When ruling on directed verdict 
 or JNOV motions, the trial court must view the evidence and the inferences that 
 may reasonably be drawn therefrom in the light most favorable to the nonmoving 
 party.  Sabb v. South Carolina State Univ., 350 S.C. 416, 427, 567, S.E.2d 
 231, 236 (2002).  If the evidence as a whole is susceptible to more than one 
 reasonable inference, a jury issue is created and the motion should be denied.  
 Bailey v. Segars, 346 S.C. 359, 365-66, 550 S.E.2d 910, 913 (Ct. App. 
 2001).  This court will not reverse the denial of a motion for directed verdict 
 unless there is no evidence to support the trial courts ruling.  South Carolina 
 Prop. & Cas. Guar. Assn v. Yensen, 345 S.C. 512, 521, 548 S.E.2d 880, 
 885 (Ct. App. 2001).
Poston testified he did not see 
 Keels car until immediately before he struck her vehicle.  The jury could have 
 reasonably inferred from his testimony and from the location of the damage to 
 Keels car that Poston failed to keep a proper lookout before motoring through 
 the intersection and, as a result of his negligence, proximately caused the 
 accident.  See Cope v. Eckert, 284 S.C. 516, 519, 327 S.E.2d 367, 
 369 (Ct. App. 1985) (stating South Carolina recognizes a duty of care in keeping 
 a proper lookout for travelers on favored and unfavored roads); see also 
 Brown v. Howell, 284 S.C. 605, 609, 327 S.E.2d 659, 661 (Ct. App. 1985) 
 (affirming the trial courts denial of plaintiffs motion for directed verdict 
 finding the jury could also reasonably infer from the evidence that [the plaintiff] 
 did not exercise due care for his own safety in that he failed to keep a proper 
 lookout).
Additionally, Keels testified 
 she stopped at the stop sign on Mills Street, looked both ways, and then pulled 
 up a little farther to make sure the intersection was clear before she proceeded.  
 The jury could have reasonably inferred from her testimony that Keels indeed 
 stopped and, after determining Postons oncoming vehicle did not constitute 
 an immediate hazard, proceeded lawfully through the intersection.  See 
 S.C. Code Ann. § 56-5-2330 (2003) (requiring that a driver shall yield the 
 right-of-way to any vehicle in the intersection or approaching on another roadway 
 so closely as to constitute an immediate hazard during the time when such driver 
 is moving across or with the intersection).  Because a verdict for Keels would 
 be reasonably possible under the facts presented at trial as liberally construed 
 in her favor, Postons motions for directed verdict and JNOV were properly denied.  

Poston also argues the trial court 
 erred by declining to grant his motion for a new trial arguing Keels was negligent 
 as a matter of law.  We disagree.
Negligence as a matter of law 
 cannot be established in this case unless the only inference that can be drawn 
 from the evidence is that Keels either did not look or did so in such a careless 
 fashion as not to see what was in plain view.  Crosby v. Sawyer, 291 
 S.C. 474, 476, 354 S.E.2d 387, 388 (1987).  
Because the jury could have determined 
 from her testimony that Keels carefully looked both ways before crossing the 
 intersection, Poston cannot establish she was negligent as a matter of law.  
 Accordingly, Postons motion for a new trial was properly denied.
Finally, Poston claims the trial 
 court erred by denying his motion for a new trial, arguing the amount of the 
 verdict was so excessive as to indicate that it was the result of passion, prejudice, 
 caprice or conjecture.  We disagree.  
When we review a jurys award 
 of damages, this court has a duty only to determine whether any evidence exists 
 to support the verdict.  Hutson v. Cummins Carolinas, Inc., 280 S.C. 
 552, 559, 314 S.E.2d 19, 24 (Ct. App. 1984).  
Keels testified she suffered painful 
 injuries to her neck and shoulder that resulted in her inability to function 
 as she had prior to the accident.  She also testified about medical expenses 
 she had incurred as a result of the accident.  Her testimony meets the any 
 evidence standard to support the jurys verdict.  We therefore are without 
 grounds to grant a new trial.
II.  Admission of Summary of Medical Bills
Poston contends the trial court erred in 
 admitting a summary of Keels medical bills into evidence without requiring 
 her to produce the actual billing statements or evidence the medical charges 
 she incurred were related to injuries claimed as a result of the accident.  
 We disagree.
The decision whether to admit 
 or exclude evidence is a matter within the sound discretion of the trial court 
 and it will not be disturbed on appeal absent a showing the court abused that 
 discretion.  Gamble v. Intl Paper Realty Corp. of South Carolina, 323 
 S.C. 367, 373, 474 S.E.2d 438, 441 (1996).  Moreover, whether a plaintiffs 
 medical bills are sufficiently related to the injuries sustained in the accident 
 from which the litigation arose is a question of fact for the jury to determine, 
 and only goes to the weight, not the admissibility of the evidence.  Pilgrim 
 v. Miller, 350 S.C. 637, 643, 567 S.E.2d 527, 530 (Ct. App. 2002).
Although Keels did not submit 
 her actual medical bills into evidence, she provided a summary of her medical 
 expenses and testified to its accuracy and to the relationship of the expenses 
 contained within it to the injuries she sustained as a result of the auto accident.  
 We therefore conclude the trial court did not abuse his discretion in admitting 
 a summary of Keels medical expenses into evidence.
III.  Hearsay 
 Testimony
Poston claims the trial court 
 erred in allowing Keels counsel to ask her a leading question during redirect 
 containing a hearsay assertion.  We disagree.  
On cross-examination Postons 
 counsel asked Keels, To your knowledge did Dr. Trefny, your family doctor, 
 attribute these injuries, your neck and your left shoulder, to this accident?  
 Keels responded, [w]ell he treated me for it.  On redirect examination, Keels 
 attorney asked her, Did Dr. Trefny indicate whether or not he thought that 
 the injury to your neck and shoulder came from the accident?  Keels attempted 
 to respond:  He told me had to come from that because . . .  Postons counsel 
 interrupted Keels reply, objecting solely on the grounds her answer constituted 
 inadmissible hearsay.  The trial court overruled the objection, determining 
 Keels answer was responsive to questions posed during cross-examination.  
 We agree.  
On appeal, Keels claims error not only 
 on the grounds of hearsay, but also that the question was leading.  No objection 
 was interposed on the basis the question was leading.  Therefore, that issue 
 is not preserved for our review.  State v. Bailey, 298 S.C. 1, 5, 377 
 S.E.2d 581, 584 (1989) (Appellant may not object to evidence on one ground at 
 trial and then argue an alternate ground on appeal.).  
The question posed on redirect 
 and Keels response was invited by opposing counsels questioning during cross-examination.  
 Because Postons counsel initiated inquiry into this subject, Poston is now 
 in no position to complain about a continuation of the same line of questioning.  
 Kirkland v. Peoples Gas Co., 269 S.C. 431, 437, 237 S.E.2d 772, 774-75 
 (1977) (holding a party may not complain on appeal of an error invited by the 
 partys own conduct); Squires v. Henderson, 208 S.C. 58, 63-64, 36 S.E.2d 
 738, 740-41 (1946) (stating when an appellant initiates a line of questioning, 
 the appellant cannot later complain as to that same line of questioning).
 AFFIRMED.
STILWELL, BEATTY, and SHORT, JJ., concur.

 
 [1]         We decide this case without oral argument pursuant to 
 Rule 215, SCACR.