THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Janet Miller, Respondent,
 v.
 Ferrellgas,
 L.P. Inc., and Kenneth W. Ellis, Appellants.
 
 
 

Appeal From Beaufort County
 R. Markley Dennis, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-116
Heard January 8, 2008  Filed February 13,
 2008    
REVERSED AND REMANDED

 
 
 
 Ernest Mitchell Griffith, of Beaufort; Stephen L. Brown, and Jeffrey
 J. Wiseman, both of Charleston, for Appellants.
 James H. Moss, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  Janet
 Miller brought suit against FerrellGas L.P., Inc. and Kenneth W. Ellis
 (collectively FerrellGas) after sustaining injuries in an automobile accident. 
 The trial court granted Miller a directed verdict on the issue of negligence,
 and the jury awarded her $785,000 in damages.  FerrellGas appeals.  We reverse
 and remand.
FACTS
On June 15, 2001, Ronald Owens was driving Miller to Hilton Head Island to have an MRI for an injury she had sustained in a work-related
 accident six days earlier when they were involved in an accident with a truck
 driven by Kenneth Ellis, an employee of FerrellGas.  While traveling on Highway
 170, Owens and Miller approached a caution light at the intersection of
 Highways 802 and 170 where the truck driven by Ellis was stopped at a stop
 sign.  Ellis testified he stopped at the stop sign and looked both ways.  A
 road construction sign, which had not been there earlier in the day, obstructed
 his view to the left.  Ellis looked to the right again and then eased out to
 look around the sign.  When he did not see anything, he pulled out into the intersection
 where his truck collided with the automobile in which Miller rode.  Ellis defended the actions he took on the day of the
 accident and testified he was not the cause of the traffic accident.  
Miller brought the present action seeking damages for the injuries
 she allegedly sustained in the accident.  At the close of FerrellGass case,
 the trial court granted Millers motion for directed verdict on the issue of
 negligence.  Furthermore, the court noted the difficulty a motorist would face
 in this situation and stated, I dont know what youre supposed to do.  Are
 you supposed to get out of the car and go to the front and check?  Thats the
 dilemma here.  After deliberations, the jury awarded Miller $785,000 in
 damages.  The trial court denied FerrellGass post-trial motion.  This appeal
 followed.
LAW/ANALYSIS
FerrellGas argues
 the trial court erred in granting Miller a directed verdict motion on the issue
 of negligence.  We agree.  
When
 reviewing the grant of a directed verdict, this court must view the evidence
 and all reasonable inferences therefrom in the light most favorable to the
 party against whom the verdict was directed.  Heyward v. Christmas, 357
 S.C. 202, 207, 593 S.E.2d 141, 144 (2004).  If the evidence is susceptible to
 more than one reasonable inference, the case should have been submitted to the
 jury.  Id.  The court is not concerned with the weight of the evidence,
 but whether there is any evidence from which the jury is warranted in making a
 finding.  Washington v. Whitaker, 317 S.C. 108, 113-14, 451
 S.E.2d 894, 897-98 (1994).  Furthermore, neither the trial court nor the
 appellate court has authority to decide credibility issues or to resolve
 conflicts in the testimony or evidence.  Erickson v. Jones St. Publishers,
 LLC, 368 S.C. 444, 463, 629 S.E.2d 653, 663 (2006).  The appellate court
 must determine whether a verdict for a party opposing the motion would be
 reasonably possible under the facts as liberally construed in his favor.  Id.  
 
In
 the present case, there is no evidence indicating Miller, as a passenger in the
 traffic accident, was negligent.  Therefore, the issue before us is whether the
 record contains any evidence showing Ellis was not negligent.  
Ellis
 was required by law to stop at the intersection of Highways 802 and 107.  See S.C. Code Ann. § 56-5-2330(b) (2006) (requiring drivers to stop at stop signs
 with a view of approaching traffic before entering the intersecting roadway). 
 After coming to a stop, Ellis was then required to yield to the right-of-way to
 any vehicle in the intersection or approaching on another roadway so closely as
 to constitute an immediate hazard during the time when such driver is moving
 across or within the intersection or junction of roadways.  Id.  
 
The
 South Carolina Supreme Court has previously addressed the duty of a driver
 crossing over a highway, such as presented in this case, by explaining: 

 When a
 motorist on an unfavored highway approaches a through highway he must bring his
 car to a stop for such a time and in such a position as to be able to observe
 the traffic conditions on the favored highway and govern his conduct
 accordingly.  The duty to yield the right of way does not mean that the driver
 on the unfavored highway must refrain from crossing the favored highway whenever
 another vehicle is approaching thereon regardless of how far distant.  
 

Warren v. Watkins Motor Lines, 242 S.C. 331, 340, 130 S.E.2d 896, 901 (1963).  
 
The
 court explained that travelers on both the favored and the unfavored highways
 have a duty to use ordinary care in keeping a proper lookout for vehicles
 approaching the intersection.  Id.  at 341, 130 S.E.2d at 901.  The court held,
 If there is a conflict in the testimony as to whether a car on the through
 highway was approaching so closely as to constitute an immediate hazard or if
 the conclusion to be drawn therefrom is doubtful and uncertain, the Court will
 not decide the question as one of law and it must be submitted to the triers of
 the fact.  Id.  at 341, 130 S.E.2d at 901-02.  
In Cope v.
 Eckert this court reiterated the duties set forth in Warren when a
 driver is crossing or turning over a favored roadway.  284 S.C. 516, 327 S.E.2d
 367 (Ct. App. 1985).  This court explained, [I]f there is no traffic
 approaching so near as to constitute an immediate hazard, the driver on the
 unfavored highway has a right to enter the intersection, and it then becomes
 the duty of those approaching the intersection on the favored highway to yield
 the right of way to him.  Id.  519, 327 S.E.2d at 369.
In the present case, Owens testified that as he approached the
 caution light of the intersection, he was traveling between forty and
 forty-five miles an hour.  He saw Elliss truck stopped at the stop sign.  He
 claimed that when Ellis pulled out in front of his vehicle, he was about fifty
 to seventy-five yards away and had no time to react.  
Ellis testified he was familiar with this intersection and had
 driven through it earlier that day.  However, the scene at the intersection had
 changed when he approached for a second time because a construction sign was
 blocking his view.  He claimed that even
 with the construction sign obstructing his view, he took precautions to ensure
 the road was clear when he pulled into the intersection.  He stated he came to
 a full stop when he approached the intersection and looked to his left and his
 right.  Then he eased out to look around the sign and did not see anything
 coming, so he pulled into the intersection.  
Under
 the precedent of Warren and Cope, we find a jury issue was
 created based on the facts of this case.  Specifically, we believe the record
 contains some evidence from which a jury could infer Ellis was not negligent,
 thus creating more than one inference with regards to negligence.  A jury could
 reasonably infer Ellis proceeded into the intersection with enough caution and
 without perceiving Owens vehicle as an immediate threat.  Though we note the
 great amount of evidence against FerrellGas, it is not our duty to weigh
 evidence but to look for any evidence in the trial record from which a jury
 could make more than one inference.  Because a jury could have inferred Ellis
 was not negligent, the trial court improperly directed a verdict against
 FerrellGas on the issue of negligence.  Accordingly, we reverse the trial
 courts grant of a directed verdict and remand this case for a new trial. 
 
REVERSED
 AND REMANDED.[1]
HUFF
 and PIEPER, JJ., and CURETON, A.J., concur.  

[1]  As we have remanded for a new trial, we need not
 address FerrellGass remaining issues.  See Murphy v. Jefferson Pilot Communications Co., 364 S.C. 453, 465 n.3, 613 S.E.2d 808, 814 n.3 (Ct.
 App. 2005) (declining to address evidentiary issue in action remanded for new
 trial).