23447

HUMANA HOSPITAL-BAYSIDE, Plaintiff v. Walter S. LIGHTLE, Individually, and as Administrator of the Estate of Marlene Lightle, and Marlene Lightle, Defendants. Walter S. LIGHTLE is the Third-Party Plaintiff, Appellant v. MAXICARE/HEALTHAMERICA, Third-Party Defendant, Respondent.

(407 S.E. (2d) 637)

Supreme Court

*Duke K. McCall, Jr.* and *Dianne S. Riley*, both of *Leatherwood, Walker, Todd & Mann*, Greenville, *for third-party plaintiff/appellant.*

*Stephen H. Brown*, of *Hill, Wyatt & Bannister*, Greenville, *for third-party defendant/respondent.*

Submitted June 14, 1991; Decided Aug. 5, 1991.

Rehearing Denied Sept. 4, 1991.

TOAL, Justice:

This appeal involves an insured's suit against his insurer to recover payment of insurance proceeds. The circuit court granted partial summary judgment against the insured on all causes of action, except his claim for breach of contract. We affirm.

The plaintiff in the action below was Humana Hospital-Bayside which provided services to Marlene Lightle. The Hospital instituted an action against Ms. Lightle and her husband, Walter Lightle, to collect payment for those services. Mr. Lightle is the administrator of his wife's estate and was sued both in that context and individually for the charges incurred by his wife at Humana Hospital. Mr. Lightle brought a third party action against his insurance company, Maxicare, alleging neg-

ligence, fraud, bad faith, and estoppel against the insurer in failing to pay his claim.

Ms. Lightle was admitted to the Humana Hospital in Virginia on April 1, 1985. At that time, she was a member of Maxicare's health maintenance organization as a dependent of Mr. Lightle who was enrolled through his employment. The HMO subscriber certificate required that the HMO be notified within 48 hours of any hospitalization for emergency services in an out-of-area hospital in order for coverage to be available. It is undisputed that Humana, located in Virginia, is an out-of-area hospital and that Ms. Lightle was hospitalized for emergency services.

Mr. Lightle testified at his deposition that the Hospital informed him that he needed to call the HMO, and while he does not remember the date on which he called, his phone bill reflects that he made the call on April 8. Ms. Lightle was admitted on April 1. It is Mr. Lightle's contention that although he did not contact the HMO within 48 hours, that he believes that the Hospital should have and did contact the HMO within 48 hours. However, he also testified that the day the Hospital informed him that they had contacted the HMO was the same day that he made his call, which his telephone bill shows to have been on April 8.

In March of 1986, the HMO paid for an amount approximately equal to the charges for the first six days of Ms. Lightle's hospitalization, which covered the emergency services she received prior to the time when they contend that she should have been transferred to one of the HMO's member facilities. Mr. Lightle contends that by virtue of this partial payment, the HMO is estopped to deny further payment.

## LAW/ANALYSIS

Where the plaintiff relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the lower court is required under Rule 56, to grant summary judgment, if, under the facts presented by the defendant, he was entitled to judgment as a matter of law. *Garrett v. Reese*, 262 S.C. 327, 329, 204, S.E. (2d) 432, 433 (1974). In the case at bar, there is no evidence to support any of Mr. Lightle's claims of negligence, fraud, or bad faith. Hence, there was no

evidence from which a jury could find in his favor and summary judgment was properly granted.

Further, on appeal, Mr. Lightle fails to point to any ■ contested issue which would support these claims. Instead he relies on a sweeping legal assertion that summary judgment is always improper on the issues of negligence, fraudulent breach of contract, bad faith and punitive damages, because there are questions of fact for the jury. This is an incorrect proposition. These issues are only proper to present to the jury when there is a genuine issue as to some material fact for the jury to consider.

The claimant alternatively contends that the HMO is ■ estopped from denying coverage by virtue of the fact that it has extended benefits to pay for some of the charges and cannot now deny benefits for the remainder of the charges. However,

> The essential elements of equitable estoppel are: (1) ignorance of the party invoking it of the truth as to the facts in question; (2) representations or conduct of the party estopped which mislead; (3) reliance upon such representations or conduct; and (4) prejudicial change of position as the result of such reliance. *Crescent Co., Inc. v. Insurance Company of North America*, 266 S.C. 598, 604, 225 S.E. (2d) 656, 659 (1976).

Mr. Lightle contends that the HMO's partial payment is the conduct which misled him and caused him to rely on them to make the remainder of the full payment. However, at the end of May, 1985, when the Hospital's bill first became due and Mr. Lightle's insurance claim was first filed, Mr. Lightle was informed that because of his failure to notify the HMO within 48 hours of his wife's admission, the HMO was not going to pay the Hospital's bill. The partial payment was not made until March of 1986. Hence, the conduct on which he claims to have relied did not occur until nearly a year after he allegedly began relying on it.

Finally, Mr. Lightle argues that this Court should follow North Carolina's decision in *Great American Insurance Company v. C.G. Tate Construction Company*, 303 N.C. 387, 279 S.E. (2d) 769 (1981), and ignore the 48 hour notice requirement, supplanting it with a requirement of notice within a

time as set by the parties' "reasonable expectations." Unfortunately, this argument cannot properly be considered by the Court at this time because it pertains only to the interpretation of the contract and the breach of contract cause of action. This appeal is from the order granting summary judgment only on the claims of negligence, fraud, bad faith and estoppel. The contract action was not decided by summary judgment, but was allowed to go to trial on issues of material facts including: the exact date on which the HMO was notified and the extent to which the HMO is contractually liable for Ms. Lightle's hospital expenses for post-emergency treatment.

We recognize that there is a trend among several states to develop a relaxed interpretation of notice requirements in insurance contracts and apply a requirement of notice within a time consistent with the reasonable expectations of the parties. *See* Gottsegen, *Insurance—A New Approach for the Interpretation of Insurance Contracts*, 17 Wake Forest Law Review 140 (198). However, we reserve ruling on the issue of whether the 48 hour notice requirement should be relaxed and the contract applied as only requiring notice within a reasonable time until that issue is properly before us.

Mr. Lightle has failed to assert any facts as to which there is a genuine issue so as to make summary judgment improper. He has offered no evidence or raised any issues to support his claims that the insurer was in any way negligent, fraudulent, or acting in bad faith. His assertion that the HMO's partial payment estops them from denying complete payment is based on an alleged reliance which occurred nearly a year prior to the conduct he is claiming to have relied upon. For these reasons, the judgment of the lower court is

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.