968 F.2d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DEVON RESIN, INCORPORATED, Plaintiff-Appellee,
v.
P.E.T. PROCESSORS, INCORPORATED, Defendant-Appellant.
 No. 91-2620.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 20, 1992
Decided: July 14, 1992
 
 AFFIRMEDAT1Paul R. Hibbard, Johnson, Smith, Hibbard & Wildman, Spartanburg, South Carolina; Edward S. Rapier, Jr., New Orleans, Louisiana, for Appellant.
 William U. Gunn, Holcombe, Bomar, Cothran & Gunn, P.A., Spartanburg, South Carolina, for Appellee.
 Before WIDENER, PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this diversity action, Devon Resin ("Devon"), a broker of polyester waste, sued P.E.T. Processors, Inc. ("P.E.T."), a resin processor, for damages which resulted from P.E.T.'s failure to properly process 1.3 million pounds of polyester waste. Prior to processing the entire shipment, P.E.T. sent Devon a sample of the product which Devon passed on to its customer, the ultimate consumer of the product. Devon did not test the sample. After processing was complete, Devon learned that the product failed to meet contract specifications and sued P.E.T. for damages sustained.
 
 
 2
 Following a jury verdict in Devon's favor, P.E.T. moved for judgment notwithstanding the verdict or for a new trial, claiming that estoppel by silence was established as a matter of law. In P.E.T.'s view, estoppel was proven by the testimony of Devon's president that he knew that P.E.T. relied on his failure to object to the quality of the material in processing the shipment after receiving a sample and Devon's ability to correct the problem if it had known of the difficulty. The district court denied the motions and this appeal followed. We affirm.
 
 
 3
 Appellate review of a denial of a motion for judgment notwithstanding the verdict or for a new trial is limited. The inquiry with respect to a motion for judgment notwithstanding the verdict is whether there is evidence upon which a jury could properly find a verdict. Austin v. Torrington Co., 810 F.2d 416, 420 (4th Cir.), cert. denied, 484 U.S. 977 (1987); Lust v. Clark Equip. Co., 792 F.2d 436, 437-38 (4th Cir. 1986); Ralston Purina Co. v. Edmunds, 241 F.2d 164, 167 (4th Cir.), cert. denied, 353 U.S. 974 (1957). In this case, the question is whether a reasonable jury could have failed to find estoppel.
 
 
 4
 On the other hand, with respect to a motion for a new trial, the district court may weigh evidence and assess credibility in an effort to determine whether the verdict is against the clear weight of the evidence, based on false evidence, or will result in injustice. Aetna Casualty & Sur. Co. v. Yeatts, 122 F.2d 350, 352-53 (4th Cir. 1941); see also Wilhelm v. Blue Bell, Inc., 773 F.2d 1429 (4th Cir. 1985), cert. denied, 475 U.S. 1016 (1986). The district court's decision will not be disturbed absent an abuse of discretion. Id. at 1433. Here, this Court must determine whether the district court abused its discretion in denying P.E.T.'s Motion for a New Trial.
 
 
 5
 In Humana Hospital-Bayside v. Lightle, 407 S.E.2d 637, 638 (S.C. 1991), the South Carolina Supreme Court identified the essential elements of estoppel: "(1) ignorance of the party invoking it of the truth as to the facts in question; (2) representations or conduct of the party estopped which mislead; (3) reliance upon such representations or conduct; and (4) prejudicial change of position as a result of such reliance." Where the claimed misrepresentation is made by silence, as in this case, an intention to mislead by silence must also be shown. Further, where the party claiming the estoppel has the means of finding the true facts, an estoppel by silence will not be made out. Southern Dev. Land & Golf Co. v. Public Serv. Auth., 409 S.E.2d 428, 431 (S.C. Ct. App. 1991).
 
 
 6
 Evidence submitted at the trial was sufficient to create a jury question with respect to the issue of estoppel by silence. One element of estoppel at issue is whether Devon had a duty to speak, that is to test the sample and advise P.E.T. of the results. The executive officers of both companies testified that under normal circumstances, the traditional practice in the polyester waste business is that the customer tests the material and determines whether it is satisfactory. The purchase order for the processing of the waste, however, included a clause which gave the customer the right to reject the material at any time if the product was of unsatisfactory quality. Devon's president testified that he had no knowledge of the problem with the IV in the material.
 
 
 7
 A second element of estoppel at issue is whether P.E.T. had knowledge or the means to knowledge of the truth about the quality of the processed waste. Evidence was presented revealing that P.E.T. had access to the other methods of testing which would have revealed the problem with the IV. Given the conflicting evidence, a reasonable jury could have found that estoppel was not made out; P.E.T.'s Motion for Judgment Notwithstanding the Verdict was properly denied. Nor did the district court abuse its discretion in denying P.E.T.'s Motion for a New Trial.
 
 
 8
 Accordingly we affirm the district court's denial of the motions and the jury's verdict for Devon. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED