593 S.E.2d 141

**Esau HEYWARD, Respondent,**

v.

**Samuel CHRISTMAS, Petitioner.**

No. 25779.

Supreme Court of South Carolina.

Heard Dec. 4, 2003.

Decided Jan. 27, 2004.

Rehearing Denied March 4, 2004.

204

John E. James, III, and George C. James, Jr., of Lee, Erter, Wilson, James, Holler and Smith, of Sumter, for petitioner.

Dwight Christopher Moore, of Sumter; John Dennis Delgado and Kathrine Haggard Hudgins, both of Columbia, for respondent.

Justice MOORE:

We granted certiorari to review the Court of Appeals', opinion [1] finding the trial court erred by granting petitioner Samuel Christmas a directed verdict. We reverse.

## FACTS

Respondent brought a civil action against petitioner Samuel Christmas, a South Carolina Highway Patrol trooper, alleging excessive force and illegal seizure pursuant to 42 U.S.C. § 1983 [2] and alleging other causes of action. After the other actions were dismissed, a trial was held on the § 1983 cause of action.

On February 16, 1996, respondent, who had been drinking at a bar, asked his cousin, Ronald Brunson, to give him a ride home. During the ride, a Pinewood police officer attempted to pull Brunson over. Brunson refused to stop and shots were fired from the car towards the officer. Several officers, including Trooper Christmas, were dispatched to assist the Pinewood police in the car chase. Brunson's car was eventually stopped at a roadblock.

---

1. *Heyward v. Christmas*, 352 S.C. 298, 573 S.E.2d 845 (Ct.App.2002).

2. 42 U.S.C. § 1983 provides, in part:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Once the car stopped, the officers exited their cars and instructed Brunson and respondent to exit the vehicle with their hands up. Brunson exited from the driver's side with his hands in the air. He held a Coke can in one of his hands. Because Brunson did not exit with a weapon, Trooper Christmas concluded the gun was still in the car or on respondent's person. Respondent did not exit the car or raise his hands as instructed by the officers.

While another officer secured Brunson, Trooper Christmas approached the driver's side of the car. He testified he saw respondent in the passenger seat and that he could not see respondent's hands because they were tucked under his thighs. He testified he had the best view of respondent because the door was open between him and respondent.

Holding his gun in his right hand, Trooper Christmas placed his left knee on the driver's seat and reached through the car to extract respondent from the car. Trooper Christmas testified respondent did not raise his hands until he reached in the car to grab him. While trying to extract respondent from the car, respondent's weight shifted causing Trooper Christmas to stumble. When the weight shifted, Trooper Christmas testified he instinctively re-gripped his hand and accidentally pulled the trigger, shooting respondent in the thigh. Trooper Christmas testified respondent did not resist while being pulled from the car and that the entire event occurred in a matter of seconds.

Trooper Christmas testified he did not holster his gun while trying to pull respondent from the car because he had a new holster that was not properly broken in. He testified he was worried the gun would either fall out of the holster or that he would not be able to retrieve it quickly if he needed to do so. He stated if there had not been a known weapon inside the car, he would have holstered his gun.

Respondent called Rick Johnson as an expert in law enforcement. Johnson testified Trooper Christmas's actions were unreasonable because he should not have approached the car after Brunson was subdued. Johnson stated Trooper Christmas placed himself and other officers in jeopardy and that there was adequate time for Trooper Christmas to take time to assess the situation. Johnson testified the reasonable

approach would have been to stay in a protected position behind the door of one of the police cars and use the public address system to order respondent out of the car.[3] He also testified that coming across the driver's side of the car and extracting respondent with one hand was unreasonable because Trooper Christmas would have lacked control of his gun and of respondent. On cross-examination, Johnson admitted he had the benefit of 20/20 hindsight.

Following the close of the evidence, the trial court granted Trooper Christmas's directed verdict motion based on the Fourth Amendment and qualified immunity. The Court of Appeals reversed and remanded for a new trial.

## ISSUE

Did the Court of Appeals err by reversing the trial court's decision granting Trooper Christmas's directed verdict motion?

## DISCUSSION

 On review of a ruling granting a directed verdict, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the party against whom the verdict was directed. *Quesinberry v. Rouppasong,* 331 S.C. 589, 503 S.E.2d 717 (1998). If the evidence is susceptible to more than one reasonable inference, the case should be submitted to the jury. *Id.*

 Our decision is controlled by the United States Supreme Court's decision in *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). *Quesinberry,* 331 S.C. at 594–595, 503 S.E.2d at 720. *Graham* held all claims that law enforcement officers used excessive force in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution, which states that people have a right to be secure in their persons against unreasonable seizures. *Id.* at 595, 503 S.E.2d at 720.

---

3. Trooper Christmas testified he was trained to remain in a protected position when dealing with a known or suspected felon and that he could have done so in this case. He further testified he had been trained to use the public address system in felony car stops.

Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is resisting arrest or attempting to evade arrest by flight.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

*Id.* (quoting *Graham,* 490 U.S. at 396–97, 109 S.Ct. 1865 (internal quotations and citations omitted)).

 Looking at all the facts and circumstances that existed during the event in question, Trooper Christmas's action of entering the car to extract respondent with his gun drawn was objectively reasonable. First, the crime was severe. Several shots had been fired from the car at one of the pursuing officers. At the time, Trooper Christmas did not know whether respondent or Brunson was responsible for the shooting.

Second, because Brunson exited the car without the weapon used in the crime, Trooper Christmas reasonably concluded the gun was either still in the car or in respondent's posses-

sion. *See Anderson v. Russell,* 247 F.3d 125 (4th Cir.), *cert. denied,* 534 U.S. 949, 122 S.Ct. 342, 151 L.Ed.2d 258 (2001) (officer not required to see object in suspect's hand before using deadly force); *Pleasant v. Zamieski,* 895 F.2d 272 (6th Cir.), *cert. denied,* 498 U.S. 851, 111 S.Ct. 144, 112 L.Ed.2d 110 (1990) (not knowing what, if anything, plaintiff had with him in car, it was reasonable for officer to draw gun and failure to holster gun was not unreasonable under circumstances where plaintiff could have escaped if had holstered gun). Therefore, respondent could have posed a threat to the safety of Trooper Christmas and the other officers.

Third, respondent did not comply with the officers' orders to exit the car with his hands raised. *See Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (if officer reasonably, but mistakenly, believed suspect was likely to fight back, officer justified in using more force than in fact needed; officers can have reasonable, but mistaken, beliefs as to facts establishing existence of exigent circumstances and in those situations courts will not hold they have violated Constitution); *Brown v. Gilmore,* 278 F.3d 362 (4th Cir.2002) (reasonable for officers to believe suspect who had already disobeyed one direct order would balk at being arrested). Further, because the police had already been led on a car chase, there was still a possibility respondent could attempt to continue to evade arrest by fleeing.

As Trooper Christmas testified, these events occurred within a matter of seconds. As a result, Trooper Christmas was forced to make a split-second judgment about entering the car to remove respondent with his gun drawn. Understandably, Trooper Christmas did not want to holster his gun due to his fear he might be unable to retrieve it quickly if the gun was needed. *See Graham v. Connor, supra* (police officers often forced to make split-second judgments about amount of force necessary in particular situation in tense and rapidly evolving circumstances); *Pleasant v. Zamieski, supra* (court could not say officer's failure to holster gun was unreasonable under circumstances; had officer taken time to holster gun, plaintiff would have escaped).

While Trooper Christmas could have placed himself in a protective position and could have used the public address system to give orders to respondent, considering those facts is

exactly the type of analysis prohibited by *Graham*.[4] *See Graham, supra* (reasonableness of particular use of force must be judged from perspective of reasonable officer on the scene, rather than with 20/20 hindsight); *Anderson v. Russell, supra* (declined to adopt 20/20 hindsight to second guess officer's decision to shoot rather than take cover, given officer reasonably believed his life to be in imminent danger).

The Court of Appeals erred by reversing the trial court's decision to grant Trooper Christmas's directed verdict motion because the evidence was only susceptible to the inference that Trooper Christmas's actions in seizing respondent were reasonable. *Cf. Quesinberry, supra* (evidence susceptible to more than one reasonable inference, case should be submitted to jury).[5] Therefore, the decision of the Court of Appeals is

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

4. Respondent's argument that Trooper Christmas acted unreasonably because his actions placed the other officers in jeopardy is without merit. *See Howerton v. Fletcher,* 213 F.3d 171 (4th Cir.2000) (question is not whether officer acted reasonably vis-à-vis world at large; rather, question is whether officer acted reasonably as against plaintiff).

5. Because we find the trial court properly granted Trooper Christmas's directed verdict motion pursuant to the Fourth Amendment, we do not address the trial court's decision granting the motion on the basis of qualified immunity.