**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Albert Jackson, Jr., Appellant,

v.

Leopardo Companies, Inc., Swamp Fox Utilities, L.L.C., LCK Construction Services, LLC, and City of Beaufort, Respondents.

Appellate Case No. 2011-196426

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2013-UP-238
Heard February 5, 2013 – Filed June 5, 2013

**AFFIRMED**

James H. Moss, of Moss Kuhn & Fleming, PA, of Beaufort, for Appellant.

William B. Harvey, III, of Harvey & Battey, PA, of Beaufort, for Respondent City of Beaufort; Francis Marion Mack and Emily Ruth Gifford, of Richardson Plowden & Robinson, PA, of Columbia, for Respondent LCK Construction Services, LLC; David Shuler Black, of Howell Gibson & Hughes, PA, of Beaufort, for Respondent Leopardo Companies, Inc.; and William

Thomas Young, III, of Howell Gibson & Hughes, PA, of Beaufort, for Respondent Swamp Fox Utilities, LLC.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 208(b)(1)(D), SCACR (requiring citation to authority in the argument section of an appellant's brief); Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *Holly Woods Ass'n of Residence Owners v. Hiller*, 392 S.C. 172, 190, 708 S.E.2d 787, 797 (Ct. App. 2011) (holding an issue is deemed abandoned and will not be considered by the appellate court if the argument is raised in a brief but not supported by authority); s*ee also* Rule 56(c), SCRCP (providing summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 250, 626 S.E.2d 1, 5 (2006) (holding "summary judgment is completely appropriate when a properly supported motion sets forth facts that remain undisputed or are contested in a deficient manner"); *Dawkins v. Fields*, 354 S.C. 58, 71, 580 S.E.2d 433, 439-40 (2003) (holding, where a party claims summary judgment is premature because he has not been provided a full and fair opportunity to conduct discovery, he must advance a good reason why the time was insufficient under the facts of the case and why further discovery would uncover additional relevant evidence likely to create a genuine issue of material fact); *Humana Hosp.- Bayside v. Lightle*, 305 S.C. 214, 216, 407 S.E.2d 637, 638 (1991) ("Where the plaintiff relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the lower court is required under Rule 56, to grant summary judgment, if, under the facts presented by the defendant, he was entitled to judgment as a matter of law.").

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**