**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Bank of New York Mellon, f/k/a The Bank of New York as successor-in-interest to JPMorgan Chase Bank, N.A. as successor in interest by merger to Bank One, N.A. as Trustee for Structured Asset Mortgage Investments Inc., Mortgage Pass-Through Certificates, Series 2002-AR4, Respondent,

v.

Cathy C. Lanier; Branch Banking and Trust Company, Regions Bank, Defendants,

Of Whom Cathy C. Lanier is the Appellant.

Appellate Case No. 2017-000874

———————

Appeal From Lexington County
James O. Spence, Master-in-Equity

———————

Unpublished Opinion No. 2019-UP-284
Submitted June 3, 2019 – Filed August 7, 2019

———————

**AFFIRMED**

———————

S. Jahue Moore and John Calvin Bradley, Jr., both of Moore Taylor Law Firm, P.A., of West Columbia, for Appellant.

Benjamin Rush Smith, III and Nicholas Andrew Charles, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

_____

**PER CURIAM:**  In this mortgage foreclosure action, Appellant Cathy C. Lanier challenges the order of the master-in-equity granting summary judgment to the Bank of New York Mellon ("Bank") on the issue of standing.  Lanier argues the master erred in excluding her expert's affidavit, finding there were no genuine issues of material fact concerning Bank's standing to foreclose, and granting summary judgment when discovery was incomplete.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  The master properly excluded Lanier's expert's affidavit.  *See State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 237 (Ct. App. 2014) ("The admission or exclusion of evidence is [] subject to an abuse of discretion standard of review."); *Judy v. Judy*, 384 S.C. 634, 641, 682 S.E.2d 836, 839 (Ct. App. 2009) ("The [master's] ruling to admit or exclude evidence will only be reversed if it constitutes an abuse of discretion amounting to an error of law.").  On appeal, Lanier does not challenge the master's finding that the documents relied upon by Lanier's expert and attached to his affidavit were not authenticated, and Lanier only offers a conclusory parenthetical to dispute the finding that the documents constituted hearsay.  *See Biales v. Young*, 315 S.C. 166, 168, 432 S.E.2d 482, 484 (1993) ("Failure to argue is an abandonment of the issue and precludes consideration on appeal."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").  Because these issues were abandoned, the master's finding that the documents were inadmissible is the law of the case.  *See Atl. Coast Builders and Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").  Accordingly, the master did not err in excluding the documents or the affidavit to the extent it directly referenced inadmissible information from the documents.  *See* Rule 56(e), SCRCP ("Supporting and opposing affidavits shall be made on personal knowledge [and] shall set forth such facts as would be *admissible in evidence . . . .*" (emphasis added)); *Hall v. Fedor*, 349 S.C. 169, 175, 561 S.E.2d 654, 657 (Ct. App. 2002) ("Our appellate courts have interpreted Rule 56(e) to mean materials used to support or refute a motion for summary judgment must be those [that] would be admissible in evidence."); Rule 703, SCRE ("If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data

need not be admissible in evidence."); *Allegro, Inc. v. Scully*, 400 S.C. 33, 46–47, 733 S.E.2d 114, 122 (Ct. App. 2012) ("However, Rule 703 *does not allow the admission of hearsay evidence* simply because an expert used it in forming his opinion; the rule only provides the expert can give an opinion based on facts or data that were not admitted into evidence." (emphasis added)).

Additionally, we find the master properly excluded the expert affidavit on the ground that it contained improper legal conclusions, as the affidavit mainly provided reasons why summary judgment should be granted in favor of Lanier as a matter of law. *See* Rule 702, SCRE ("If . . . specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *Dawkins v. Fields*, 354 S.C. 58, 66, 580 S.E.2d 433, 437 (2003) ("In general, expert testimony **on issues of law** is inadmissible."); *id*. at at 66–67, 580 S.E.2d at 437 ("Although [the expert] arguably offered some helpful, factual information, the overwhelming majority of the affidavit is simply legal argument as to why summary judgment should be denied. For that reason, we hold the [circuit] court correctly refused to consider it . . . .").

2. The master properly granted Bank's motion for summary judgment on standing, as there were no genuine issues of material fact concerning Bank's standing to foreclose. *See Turner v. Milliman*, 392 S.C. 116, 121–22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); Rule 56(c), SCRCP (providing that summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 362, 563 S.E.2d 331, 333 (2002) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below."); *see also Powell ex rel. Kelley v. Bank of Am.*, 379 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct. App. 2008) ("Standing refers to[] '[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.'" (second alteration in original) (quoting Black's Law Dictionary 1413 (7th ed. 1999))); *Bank of Am., N.A. v. Draper*, 405 S.C. 214, 220, 746 S.E.2d 478, 481 (Ct. App. 2013) ("Generally, a party must be a real party in interest to the litigation to have standing." (quoting *Hill v. S.C. Dep't of Health & Envtl. Control*, 389 S.C. 1, 22, 698 S.E.2d 612, 623 (2010))); *Patton v. Miller*, 420 S.C. 471, 479, 804 S.E.2d 252, 256 (2017) ("A real party in interest is 'the party who,

by the substantive law, has the right sought to be enforced.'" (quoting *Draper*, 405 S.C. at 220, 746 S.E.2d at 481)); *Deep Keel, LLC v. Atl. Private Equity Grp., LLC*, 413 S.C. 58, 67 n.7, 773 S.E.2d 607, 612 n.7 (Ct. App. 2015) ("'[A] promissory note secured by a real estate mortgage' is 'a negotiable instrument.'" (quoting *Swindler v. Swindler*, 355 S.C. 245, 247, 250, 584 S.E.2d 438, 439, 440 (Ct. App. 2003))); S.C. Code Ann. § 36-3-102(a) (Supp. 2018) ("This chapter applies to negotiable instruments."); S.C. Code Ann. § 36-3-301 (Supp. 2018) ("'Person entitled to enforce' an instrument means (i) the holder of the instrument . . . ."); S.C. Code Ann. § 36-1-201(20) (2003)[1] (stating that a holder is "a person who is in possession of a document of title or an instrument or a certificated investment security drawn, issued, or indorsed to him or to his order or to bearer or in blank"); *Draper*, 405 S.C. at 221, 746 S.E.2d at 481 ("Under South Carolina law one finds the general proposition that the plaintiff in a foreclosure suit should be the real, beneficial owner of the mortgage debt." (quoting *In re Woodberry*, 383 B.R. 373, 379 (Bankr. D.S.C. 2008)); *U.S. Bank Tr. Nat'l Ass'n v. Bell*, 385 S.C. 364, 374, 684 S.E.2d 199, 204 (Ct. App. 2009) ("A mortgage and a note are separate securities for the same debt, and a mortgagee who has a note and mortgage to secure a debt has the option to either bring an action on the note or to pursue a foreclosure action.").

As the party moving for summary judgment, the initial burden was on Bank to prove standing. *See Peterson v. W. Am. Ins. Co.*, 336 S.C. 89, 94, 518 S.E.2d 608, 610 (Ct. App. 1999) ("Under Rule 56(c), SCRCP, the party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact."). In support of its motion for summary judgment, Bank submitted copies of the original note and mortgage, copies of allonges[2] to the note and assignments[3] of the

---

[1] Section 36-1-201 was amended in 2014. However, because the foreclosure action was filed in 2013, we refer to the previous version of the statute.

[2] An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." *Allonge*, Black's Law Dictionary (11th ed. 2019).

[3] Lanier argues the assignments are invalid because Bank cannot produce a complete chain of title for the mortgage. However, South Carolina law does not require the assignment of a mortgage to be recorded, and Lanier does not cite any authority in support of her argument. *See BAC Home Loan Servicing, L.P. v. Kinder*, 398 S.C. 619, 623, 731 S.E.2d 547, 549 (2012) ("[T]he assignment of a mortgage does not need to be recorded, and failure to do so has no effect on the rights of the assignee."); *see also Glasscock*, 348 S.C. at 81, 557 S.E.2d at 691 ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

mortgage, and the affidavit of Joseph G. Devine, Jr., an authorized signer with JPMorgan Chase ("Chase"). Devine indicated that Chase was the mortgage servicer and attorney-in-fact[4] for Bank and that Chase was in possession of the original note, mortgage, and alonges. Accordingly, we find Bank established that it is a holder of the note and mortgage and, as a result, met its initial burden of demonstrating standing.

Because Bank met its initial burden, Lanier was required to submit at least a scintilla of evidence to withstand summary judgment. *See Fowler v. Hunter*, 380 S.C. 121, 125, 668 S.E.2d 803, 805 (Ct. App. 2008) ("[T]he non-moving party must set forth specific facts demonstrating to the court there is a genuine issue for trial."); *Hancock v. Mid-South Mgmt. Co., Inc.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) ("[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment."). However, Lanier did not present any evidence to the master tending to show that Bank was not the holder of the note and mortgage. Rather, Lanier simply asserted in her pleadings, motions, and arguments[5] that the assignments and alonges were fraudulently produced and that Bank was not in possession of her note and mortgage. *See Fowler*, 380 S.C. at 125, 668 S.E.2d at 805 ("[W]hen a party has moved for summary judgment[,] the opposing party may not rest upon the mere allegations or denials of his pleading to defeat it."); *Humana Hospital-Bayside v. Lightle*, 305 S.C. 214, 216, 407 S.E.2d 637, 638 (1991) ("Where the [opposing party] relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the lower court is *required* under Rule 56[] to grant summary judgment[] if, under the facts presented by the [moving party], he was entitled to judgment as a matter of law." (emphasis added)). Moreover, on appeal, Lanier cites only to the complaint, the answer, her motion for and memo in support of summary judgment, her motion to reconsider, and her arguments during the summary judgment hearing. *See West v. Gladney*, 341 S.C. 127, 135, 533 S.E.2d 334, 338 (Ct. App. 2000) ("[T]his court

---

[4] "[An attorney-in-fact] steps into the shoes of the grantor and is basically the alter ego of the grantor." *Bennett v. Carter*, 421 S.C. 374, 382, 807 S.E.2d 197, 201 (2017).

[5] Lanier also submitted her own affidavit indicating she believed Bank's loan documents were forged because she was only provided with copies of the note and mortgage in lieu of the originals. However, we do not find Lanier's affidavit created a genuine issue of material fact. *See, e.g., Draper*, 405 S.C. at 224, 746 S.E.2d at 483 (affirming summary judgment when the foreclosing bank produced a copy of the note containing an indorsement).

ordinarily will not consider statements of fact presented only in an attorney's argument in determining whether a genuine issue of material fact exists sufficient to preclude summary judgment."). Therefore, we find the master did not err in granting summary judgment to Bank as Lanier has not presented any evidence creating a genuine issue of material fact.

3. Lanier's argument that summary judgment was premature because she did not have enough time for discovery is not preserved for appellate review. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [master] to be preserved for appellate review."); Rule 56(f), SCRCP ("Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just."); *Doe ex rel. Doe v. Batson*, 345 S.C. 316, 321, 548 S.E.2d 854, 857 (2001) ("Rule 56(f) *requires* the party opposing summary judgment to at least present affidavits explaining why he needs more time for discovery." (emphasis added)); *Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54–55, 677 S.E.2d 32, 36 (Ct. App. 2009) ("A party claiming summary judgment is premature because [it has] not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case[] and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact."). Lanier did not argue that summary judgment was premature because she did not have enough time for discovery while the case was before the master nor did she submit a Rule 56(f) affidavit. As such, Lanier did not advance a good reason why the time for discovery was insufficient and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact. Therefore, Lanier has not preserved this argument for appeal.

**AFFIRMED.** [6]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[6] We decide this case without oral argument pursuant to Rule 215, SCACR.