**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Caitlyn Langham, Appellant,

v.

Officer Russell Porter, City of Spartanburg Police Department, and Wal-Mart Stores, Inc., Respondents.

Appellate Case No. 2017-001009

———————————

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

———————————

Unpublished Opinion No. 2020-UP-202
Heard May 8, 2020 – Filed July 1, 2020

———————————

**AFFIRMED IN PART, AFFIRMED AS MODIFIED IN PART, REVERSED IN PART, AND REMANDED IN PART**

———————————

Donald Loren Smith, of Attorney Office of Donald Smith, of Anderson, for Appellant.

James D. Jolly, Jr. and Stacey Todd Coffee, both of Logan & Jolly, LLP, of Anderson, for City of Spartanburg Police Department and Officer Russell Porter.

Randi Lynn Roberts, of Gaffney Lewis LLC, of Columbia, for Wal-Mart Stores, Inc.

**PER CURIAM:** This case arises from Caitlyn Langham's arrest for shoplifting by Russell Porter, an off-duty City of Spartanburg policeman working as a Wal-Mart security officer. Langham brought this lawsuit against Porter, the City of Spartanburg (the City),[1] and Wal-Mart (collectively, Respondents). She sued Porter for malicious prosecution, false imprisonment, defamation, and assault and battery; she sued the City for malicious prosecution and violation of 42 U.S.C. § 1983 (2006). As to Wal-Mart, Langham alleged a direct cause of action for malicious prosecution and the same claims she alleged against Porter on the theory of *respondeat superior*. The circuit court granted summary judgment against Langham on all of her causes of action, except her § 1983, false imprisonment, and defamation claims against Wal-Mart, which it dismissed for failure to state a cause of action pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure. Langham now appeals.

## I. Facts

In her unverified complaint, Langham alleged she was shopping on December 24, 2013, at the Dorman Center Wal-Mart in Spartanburg when Porter "unreasonably searched and seized" her. Langham asserted when she arrived at the checkout line, she realized she did not have enough money to pay for all of the items in her cart, so she placed several cosmetic items on a shelf near the checkout line; however, a Wal-Mart employee told Porter Langham had placed items in her purse. Langham alleged Porter, who did not see her place any items in her purse, approached her "from behind, forcefully grabbed her arm, and identified himself as a police officer." Langham's complaint asserted she told Porter he was hurting her; he grabbed her arm, which caused her to flinch; and she had a bruise on her arm as a result of Porter grabbing her. Langham maintained Porter threw her to the ground after she flinched, causing her further bruising and injuries to her arm, head, and face. Langham alleged Porter then searched her purse without a warrant and detained her until a patrol unit from the City arrived and took her to jail.[2] Langham further asserted Porter told the patrol unit he saw her place store items in her purse, and Porter had previous

---

[1] Langham sued both the City and the City of Spartanburg Police Department (the Department). Because the Department is part of the City, we will refer to both entities as the City.

[2] Langham went to trial on the shoplifting charge, and a jury found her not guilty.

excessive force complaints that the City had failed to correct, creating a policy of allowing such conduct and rendering the City liable under § 1983.

The City and Porter submitted exhibits in support of their motion for summary judgment, including excerpts of testimony from Langham's criminal trial. In one of the excerpts, Porter testified when he approached Langham, she tried to break in front of people in the checkout line to get away from him; he could see store items inside of her purse; and once he searched her purse, he found several unpurchased items including "hygiene items, snacks, candies, [and] all sorts of items from the store." He stated the items' value totaled $74.62. He further explained when he tried to apprehend Langham, she pulled away from and struggled with him, and he "had to actually take her to the floor."

## II. Rule 12(b)(6) Dismissal of Langham's False Imprisonment, Defamation, and § 1983 Claims Against Wal-Mart

In reviewing the Rule 12(b)(6), SCRCP dismissal of Langham's claims, we use the same standard as the circuit court and consider whether the facts alleged in Langham's complaint, construed in her favor, would entitle her to relief under any theory. *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247–48 (2007).

### A. False Imprisonment and Defamation Claims Against Wal-Mart

The circuit court dismissed these claims, ruling they were barred by the statute of limitations. Langham admits she has not appealed this ruling. It is therefore the law of the case, and we must affirm it. *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").

### B. Section 1983 Claim Against Wal-Mart

We hold the circuit court did not err in dismissing Langham's § 1983 claim against Wal-Mart because Wal-Mart cannot be liable for a violation of § 1983 under the doctrine of *respondeat superior*. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727–28 (4th Cir. 1999) ("We have recognized, as has the Second Circuit, that the principles of § 1983 municipal liability articulated

in *Monell* and its progeny apply equally to a private corporation that employs special police officers. Specifically, a private corporation is not liable under § 1983 for torts committed by special police officers when such liability is predicated solely upon a theory of *respondeat superior*."); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section.'" (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977))). In her complaint, Langham alleged Wal-Mart was liable for each of the claims against Porter under the doctrine of *respondeat superior*. Therefore, we affirm the circuit court's dismissal of Langham's § 1983 claim against Wal-Mart because such a claim cannot be brought pursuant to *respondeat superior*.[3]

## III.  Summary Judgment Ruling Against Langham on Her Remaining Claims

We review the grant of a motion for summary judgment using the same yardstick as the circuit court. *Woodson v. DLI Props., LLC*, 406 S.C. 517, 528, 753 S.E.2d 428, 434 (2014). We view the facts in the light most favorable to Langham, the nonmoving party, and draw all reasonable inferences in her favor. *NationsBank v. Scott Farm*, 320 S.C. 299, 303, 465 S.E.2d 98, 100 (Ct. App. 1995). Respondents are entitled to summary judgment only if "there is no genuine issue as to any material fact . . . ." Rule 56(c), SCRCP. Summary judgment is a drastic remedy to be invoked cautiously and must be denied if Langham demonstrated a scintilla of evidence in support of her claims. *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009).

A. Malicious Prosecution Claim Against Respondents

We conclude the circuit court properly granted summary judgment to Respondents as to Langham's cause of action for malicious prosecution because Porter had probable cause to arrest Langham. *See Woodson*, 406 S.C. at 528, 753 S.E.2d at 434 ("Summary judgment is proper if, viewing the evidence and inferences to be drawn

---

[3] However, we disagree with the circuit court's holding that Wal-Mart as a private entity could not be liable under § 1983 at all. We note a private entity can be sued pursuant to § 1983. *See, e.g., Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting "under color" of law for purposes of § 1983 action.").

therefrom in a light most favorable to the nonmoving party, the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."). Porter had probable cause to arrest Langham because a reasonable person in his position would have believed Langham was guilty of shoplifting. *See Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 441, 629 S.E.2d 642, 651 (2006) ("Probable cause is defined as a good faith belief that a person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise."); S.C. Code Ann. § 16-13-110(A)(1), (A)(3) (2015) ("A person is guilty of shoplifting if he . . . takes possession of, carries away, transfers from one person to another or from one area of a store or other retail mercantile establishment to another area, or causes to be carried away or transferred any merchandise displayed, held, stored, or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use, or benefit of the merchandise without paying the full retail value; [or if he] transfers any merchandise displayed, held, stored, or offered for sale by any store or other retail mercantile establishment from the container in which it is displayed to any other container with intent to deprive the merchant of the full retail value."). In particular, there is evidence (1) a Wal-Mart employee told Porter she saw Langham place items in her purse, (2) Langham tried to flee when approached by Porter, (3) Porter saw unpurchased items in Langham's purse, and (4) the unpurchased items were worth $74.62. This evidence alone is enough to find probable cause existed as a matter of law.

Furthermore, Langham appears to have relied on her complaint to overcome summary judgment as to the issue of probable cause. *See Humana Hosp.-Bayside v. Lightle*, 305 S.C. 214, 216, 407 S.E.2d 637, 638 (1991) ("Where the plaintiff relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the lower court is required under Rule 56, to grant summary judgment, if, under the facts presented by the defendant, he was entitled to judgment as a matter of law."). Langham failed to provide the circuit court—or at least failed to provide in the record to this court—any evidence Porter did not have probable cause to arrest her. The only evidence she provided was pictures of a bruise on her arm that she claimed she received during the arrest and deposition testimony discussing Wal-Mart's four-step shoplifting policy, which had no bearing on whether Porter had probable cause to detain Langham. Thus, because we find Porter had probable cause as a matter of law and malicious prosecution requires a lack of probable cause for the arrest, we find the circuit court properly granted Respondents summary judgment on Langham's cause of action for malicious prosecution. *See Law*, 368 S.C. at 435, 629 S.E.2d at 648 (providing to

sustain an action for malicious prosecution, "a plaintiff must establish . . . lack of probable cause" (quoting *Parrott v. Plowden Motor Co.*, 246 S.C. 318, 321, 143 S.E.2d 607, 608 (1965))).

B. <u>Defamation Claim Against Porter</u>

The circuit court granted summary judgment to Porter on Langham's defamation claim, ruling the statute of limitations barred the claim. Langham did not appeal this ruling. It is therefore the law of the case, and we must affirm it. *See Shirley's Iron Works, Inc.*, 403 S.C. at 573, 743 S.E.2d at 785 ("An unappealed ruling is the law of the case and requires affirmance.").

C. <u>Assault and Battery and § 1983 Claims</u>

    i. <u>Assault and Battery and the Statute of Limitations</u>

We hold the circuit court erred in granting summary judgment to Porter as to Langham's cause of action for assault and battery because Langham commenced her action within the applicable three-year statute of limitations.[4] *See* S.C. Code Ann. § 15-3-530(5) (2005) (providing the statute of limitations for assault and battery is three years). Although Langham would have had only two years to file if her claim was governed by the South Carolina Tort Claims Act (the Act),[5] her claim is outside of the scope of the Act because Porter was not acting in the scope of his employment as a police officer when he worked as a security guard for Wal-Mart during his off-duty hours. *See* S.C. Code Ann. § 23-24-30 (2007). ("Off-duty work performed by law enforcement officers shall not be considered as work done within the scope of his employment and no public service district, municipality, county, state, or any of its political subdivisions shall be liable for acts performed by off-duty law enforcement officers . . . ."); S.C. Code Ann. § 15-78-70(b) (2005) (providing the Act may not "be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties"); S.C. Code Ann. § 15-78-60(17) (2005) (providing governmental entities are not liable for "employee conduct outside the scope of his official duties"); *see also* S.C. Code Ann. § 15-78-110 (2005) (providing a two-year statute of limitations for claims brought pursuant to the Act). Thus, the general

---

[4] We note the circuit court granted summary judgment to the City and Porter as to Langham's cause of action for assault and battery, but in her complaint, Langham only alleged the claim against Porter and Wal-Mart under the doctrine of *respondeat superior*.

[5] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2018).

statute of limitations for assault and battery applies, and as Langham filed her claim on April 8, 2016, within three years of the alleged assault on December 24, 2013, the statute of limitations did not bar her claim. *See* § 15-3-530(5). Accordingly, the circuit court erred in finding Langham's assault and battery cause of action against Porter was time-barred, and we reverse as to this issue.

### ii. Assault and Battery and § 1983 Elements

We find the circuit court properly granted summary judgment to (1) Wal-Mart on Langham's cause of action for assault and battery and (2) the City and Porter on Langham's cause of action for violation of § 1983. As discussed above in Section III.A, Porter had probable cause to arrest Langham, and we also conclude there is no genuine issue of material fact as to whether he used excessive force in arresting her.

In her unverified complaint, Langham alleged she flinched her arm when Porter grabbed her, and in response, Porter slammed her to the ground, resulting in injuries to her head and arm. However, in support of their motion for summary judgment, Porter and the City provided excerpts of Porter's testimony at Langham's criminal trial, wherein Porter testified Langham ran from him when he tried to detain her and he "had" to take her "to the floor." Although Langham provided photos of a bruise on her arm she claims Porter caused, and she contends she is entitled to an adverse inference based on Wal-Mart's failure to provide her its video surveillance from the day of the alleged shoplifting, she failed to provide an affidavit or any other evidence showing the arrest happened the way she alleged in her complaint. *See Humana Hosp.-Bayside*, 305 S.C. at 216, 407 S.E.2d at 638 ("Where the plaintiff relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the lower court is required under Rule 56, to grant summary judgment, if, under the facts presented by the defendant, he was entitled to judgment as a matter of law."). Based on the record we have been provided, there is no factual basis to find Porter acted excessively in arresting Langham, and we affirm the circuit court's grant of summary judgment to (1) Wal-Mart on Langham's cause of action for assault and battery, and (2) the City and Porter on Langham's § 1983 claim. *See Camden v. Hilton*, 360 S.C. 164, 177, 600 S.E.2d 88, 94 (Ct. App. 2004) ("To assert a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that (1) the actions of the police officers deprived him of an actual constitutional right and (2) the right was clearly established at the time of the alleged violation."); *Quesinberry v. Rouppasong*, 331 S.C. 589, 595, 503 S.E.2d 717, 720 (1998) ("[A]ll claims that law enforcement officers used excessive force in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution."); *Heyward v. Christmas*, 357 S.C. 202, 208, 593 S.E.2d 141,

144 (2004) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." (quoting *Quesinberry*, 331 S.C. at 595, 503 S.E.2d at 720)); *Roberts v. City of Forest Acres*, 902 F. Supp. 662, 671–72 (D.S.C. 1995) ("A police officer who uses *reasonable force* in effectuating a lawful arrest is not liable for assault or battery." (emphasis added)).

D. Section 1983 and the City's Liability

Langham asserts her § 1983 claim against the City was not based on *respondeat superior* but on the City's "failure to properly train, supervise, and discipline" Porter, which she contends condoned Porter's conduct and created a policy of indifference to the rights and liberties of her and the general public. We disagree.

Langham failed to provide evidence the City created a municipal policy or custom of depriving individuals of their liberty and due process rights by failing to properly train Porter or by failing to respond to alleged prior Fourth Amendment violation complaints against him. In particular, we note Langham failed to provide any evidence in the record regarding Porter's training or any prior Fourth Amendment complaints against him. *See Harkins v. Greenville County*, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000) (stating appellants have the burden of providing this court an adequate record). Therefore, there is no evidence the City created a custom or policy that violated the rights of Langham or the general public, and as such, Langham failed to meet her burden of proof for summary judgment to any genuine, material factual issue that the City is liable for a violation of § 1983. Thus, we affirm as modified the circuit court's grant of summary judgment to the City on Langham's cause of action for violation of § 1983 to find summary judgment is also granted on the basis that the City did not create a custom or policy that abridges individual rights.[6]

---

[6] This ruling is not applicable to Porter. However, we note Langham failed to appeal the circuit court's grant of summary judgment to Porter on her § 1983 claim because she only addressed Wal-Mart's and the City's liability for her § 1983 claim in her brief to this court. Thus, the circuit court's dismissal of Langham's § 1983 against Porter is the law of the case. *See Shirley's Iron Works, Inc.*, 403 S.C. at 573, 743

## IV. Conclusion

Accordingly, we reverse the circuit court's grant of summary judgment to Porter as to Langham's cause of action for assault and battery. We affirm the circuit court's (1) grant of summary judgment to Respondents on Langham's cause of action for malicious prosecution, (2) dismissal of Langham's § 1983, false arrest, and defamation claims against Wal-Mart, (3) grant of summary judgment to Porter on Langham's cause of action for defamation, and (4) grant of summary judgment to Wal-Mart on Langham's § 1983 claim. We affirm as modified the circuit court's grant of summary judgment to the City and Porter on Langham's § 1983 claim. Thus, Langham's only remaining viable claim is assault and battery against Porter as the circuit court only granted summary judgment to Porter on the statute of limitations generally and did not rule on Porter's alternative grounds for summary judgment as to this cause of action.

**AFFIRMED IN PART, AFFIRMED AS MODIFIED IN PART, REVERSED IN PART, AND REMANDED IN PART.**[7]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

S.E.2d at 785 ("An unappealed ruling is the law of the case and requires affirmance.").

[7] We decide this case without oral argument pursuant to Rule 215, SCACR.